C. H. Eastman *v.* Jackson & Scott.

---

## C. H. EASTMAN, Clerk, *v.* JACKSON & SCOTT.

PRIVILEGE TAX. *Sale of meat.* Under the act of 1881, ch. 149, sec. 4, which puts a privilege tax of $30 on "butchers, including all offices and stores for the sale of meat at retail in all towns and cities of over one thousand inhabitants," the keeper of a family grocery under a merchant's license, who sells meat at retail in such a town or city, must pay the privilege tax, although he may retail meat for only a small part of the year, and limit the business to a particular class of meats purchased from farmers.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

C. H. Eastman *v.* Jackson & Scott.

ATTORNEY-GENERAL LEA and MATHEWS & TAYLOR for Eastman.

ALLEN & COVINGTON for Jackson & Scott.

COOPER, J., delivered the opinion of the court.

Action brought by Jackson & Scott, under the act of 1875, against Eastman, as clerk of the county court, to recover money alleged to have been improperly collected by him as a license tax. The trial judge rendered a judgment in favor of the plaintiffs and the clerk appealed in error.

The license tax was collected by a distress warrant issued under the revenue act of 1881, ch. 149, sec. 4. This section fixes the rate of taxation on privileges, and among other persons charged with a privilege tax enumerates: " Butchers, including all offices and stores for the sale of meat at retail in all towns and cities of over one thousand inhabitants, thirty dollars." The defendants in error were grocery merchants, doing business on Cherry Street, in Nashville. They kept a family grocery, sold provisions, vegetables, flour, bacon, lard, etc. During two months of the winter season, they had been in the habit of purchasing from farmers, among other produce, back-bones, spare-ribs, and sausages. They handled, perhaps, three hundred pounds during the season, which they sold to their regular customers without cutting them, or in any manner separating the pieces, and all the meat handled by them was hog meat.

A butcher is a person who kills animals to sell

their flesh. It is very certain that the defendants in error do not come within this class. And the only question is whether they are persons who have an office or store for the sale of meat at retail, within the meaning of the act, Nashville being a city of over one thousand inhabitants. For it is certain that the Legislature intended that some persons having offices and stores for the sale of meat at retail should pay the tax equally with the butchers. It could not be that the only proprietor of such an office or store who was taxable must be a butcher, for the butcher is already taxed as such, which would entitle him to an office or store to sell by wholesale or retail, and it could scarcely have been intended to double tax him, once as a butcher and again for his office or store. If a person, who was not a butcher, had a store or office for the sale of meat at retail exclusively, it would probably be conceded that he was liable to the tax. Does the fact that he unites this trade with other retail business in the same office or store change the result? But we have held that the Legislature may classify merchants for purposes of taxation, and tax each class, and that if a merchant of one class, paying a tax as such, add to the occupation another though kindred business, which is additionally taxed, he must pay the additional tax: *Kelly* v. *Dwyer*, 7 Lea, 180. Meat dealers may also be graded into classes for taxation: *Vosse* v. *Memphis*, 9 Lea, 294. The question is, therefore, narrowed down to the point whether the extent of the additional business, either in the time in which during the year it is carried on or the

*quantum* of trade, can change the ruling? And we can see no way in which we can take the business out of the purview of the statute upon these grounds. If the office or store be for the sale of meat at retail it falls within the law.

The judgment must, therefore, be reversed, and judgment entered in this court in favor of the plaintiffs in error.